```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_ 8/5/2020
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------X
UNITED STATES OF AMERICA,      :
                               :
                               :        **19 CR 97(VM)**
         -against-             :
                               :        **DECISION AND ORDER**
ABRAHAM HERNANDEZ,             :
                               :
                 Defendant.    :
----------------------------------X

**VICTOR MARRERO, U.S.D.J.:**

Defendant Abraham Hernandez ("Hernandez") has filed a motion for dismissal with prejudice of the Indictment in this action, claiming a violation of his statutory and constitutional rights to a speedy trial. (See Dkt. No. 43.) For the reasons stated below, the Indictment is dismissed without prejudice.

The parties agree that the Speedy Trial Act, 18 U.S.C. Section 3161 et seq., requires dismissal of the Indictment because more than 70 days of unexcluded time has elapsed since the Defendant entered a guilty plea, and he has not yet been brought to trial. See id. §§ 3161(c)(1); 3162(a)(2). However, the parties dispute whether the dismissal should be with or without prejudice. The remedy provision of the Speedy Trial Act instructs:

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a

1

reprosecution on the administration of this chapter and on the administration of justice.

Id. Additionally, the "presence or absence of prejudice to the defendant" is "relevant for a district court's consideration." United States v. Taylor, 487 U.S. 326, 334 (1988).

Hernandez asserts that the offense with which he is charged is less serious than many others, that the Speedy Trial Act violation resulted from administrative neglect, that Hernandez suffered prejudice during the 17-months he has been on curfew and an ankle monitor, and that the administration of the Speedy Trial Act and justice weigh in favor of dismissal with prejudice.

The Court is not persuaded that dismissal with prejudice is warranted in this case. First, the possession of child pornography is a serious offense. United States v. Mora, No. 04 CR 530, 2005 WL 1354042, at *5 (S.D.N.Y. June 7, 2005). Hernandez emphasizes that the Government is not charging him with producing or distributing child pornography or sexually abusing children and attempts to analogize his offense to the non-violent crime of felony mail theft. But the Government is correct that all "child pornography crimes at their core demand the sexual exploitation and abuse of children." United States v. Reingold, 731 F.3d 204, 216 (2d Cir. 2016). The

abuse children suffer is exacerbated and continued by the individual possessors of child pornography who, "often for years after the fact," maintain "a graphic record of the child's abuse."  Id.; New York v. Ferber, 458 U.S. 747, 759 n.10 (1982) (explaining that a child victim of pornography "must go through life knowing that the recording is circulating within the mass distribution system for child pornography") (quotations and citations omitted). Reflective of its severity, the possession of child pornography carries a maximum sentence of between 10 and 20 years, depending on the age of the minors depicted in the images. See 18 U.S.C. §§ 2252(a)(5)(B) & (b)(2). The seriousness of the offense with which Hernandez is charged weighs against dismissal with prejudice.

The second consideration -- the facts and circumstances leading to the dismissal -- do not weigh strongly in favor of dismissal with prejudice. "The Supreme Court has . . . instructed that courts should only preclude reprosecution of a serious crime upon a showing of 'something more than an isolated unwitting violation,' such as a finding of 'bad faith' or a 'pattern of neglect.'" United States v. Bert, 814 F.3d 70, 80 (2d Cir. 2016) (quoting Taylor, 487 U.S. at 339). At the same time, "negligent conduct . . . renders the second factor . . . neutral at best where the delay is not overly

long and there has been no showing of prejudice." Id.
(quotations and citations omitted). In assessing the facts
and circumstances of the violation, the Court must also
consider the length of the delay. See id.

Evaluating the facts and circumstances requires a
review of the timeline of this case. Hernandez acknowledges
that his Speedy Trial Act clock began only after he entered
a not guilty plea before the magistrate judge on February 19,
2019. See United States v. Nixon, 779 F.2d 126, 130 (2d Cir.
1985); United States v. Foley, No. 18 CR 333, 2020 WL 423342,
at *3 (D. Conn. Jan. 27, 2020). The time between the February
19, 2019 arraignment and the initial conference before this
Court on February 22, 2019 was not excluded under the Speedy
Trial Act. At the February 22 conference, this Court scheduled
a subsequent conference for April 5, 2019 and, upon motion by
the Government and with the consent of the Defendant,[1]

---

[1] Hernandez states that the docket does not reflect why, at the February
22, 2019 conference, the Court excluded time until the April 5, 2019
status conference or whether the Defendant consented to that request. The
transcript reflects that, at the February 22 conference, counsel for the
Government moved to exclude time until April 5, explaining that "[t]he
[G]overnment has just produced discovery, and I imagine that after
[defense counsel] has had the opportunity to review that discovery, the
parties will have a chance to discuss whether there are [an]y pretrial
resolutions that can be reached . . . ." (Dkt. No. 5, at 3-4.) Defense
counsel represented that "[t]here [wa]s no objection to the exclusion of
time." (Dkt. No. 5, at 4.) The Court granted the motion, "find[ing] that
the reasons conveyed to the Court warrant th[e] exclusion of time." (Id.)
The Court further explained, "It is intended to ensure the effectiveness
of counsel and to prevent any miscarriage of justice. The Court is
satisfied that the ends of justice served [by] the granting of this
continuance outweigh the best interests of the public and the defendant
in a speedy trial. This order of exclusion of time is entered pursuant to

excluded time under the Speedy Trial Act until April 5, 2019.
When the parties reconvened on April 5, the Court -- again
upon the Government's motion and with the Defendant's consent
-- excluded time until the date of the next conference: July
19, 2019. The Court also set a briefing schedule on
Hernandez's anticipated motion to suppress evidence.
Hernandez subsequently requested and received a two-week
extension on the briefing schedule, and he filed his motion
papers on May 20, 2019. The Government filed an opposition on
June 10, 2019.

At the request of the Government, and with no objection
from the Defendant, the Court adjourned conferences scheduled
for July 19, 2019 and August 2, 2019 and excluded time until
September 6, 2019. On September 6, 2019, the Court heard oral
argument on Hernandez's motion to suppress and granted
Hernandez's request for an evidentiary hearing, which the
Court scheduled, without objection, for November 6, 2019.

On September 26, 2019, the Court rescheduled the
evidentiary hearing for November 26, 2019. The Defendant did
not object. After hearing testimony from several witnesses on
November 26, the Court ordered that the hearing be continued
on December 5, 2019 to allow the Court to hear testimony from

the provisions of the Speedy Trial Act, Title 18, U.S.C., Section
3161(h)(7)(b)([ii]) and ([iv])." (Dkt. No. 5, at 4-5.)

additional witnesses. One day before the scheduled hearing, the Government notified the Court of the unavailability of a witness the defense intended to call and requested that the Court excuse the witness's attendance. Defense counsel filed a letter in response, stating that the Defendant had no objection to rescheduling the hearing to accommodate the witness's schedule. After considering the parties' correspondence, the Court rescheduled the continuation of the evidentiary hearing to January 7, 2020 to allow defense counsel to call the witness. After hearing additional testimony and the parties' closing statements on January 7, 2020, the Court closed the evidentiary hearing and reserved judgment. The Government made no motion to exclude time between January 7, 2020 and June 16, 2020, when the Court issued a 121-page Decision and Order denying Hernandez's motion to suppress.

The time between February 22, 2019 and September 6, 2019 was excluded from Speedy Trial Act calculations pursuant to this Court's orders. Additionally, the time between September 6, 2019, when the Court granted Hernandez's request for an evidentiary hearing, and January 7, 2020, when the Court took the matter under advisement, was automatically excluded under the Speedy Trial Act. See 18 U.S.C. § 3161(h)(1)(D) (excluding periods of "delay resulting from any pretrial motion, from

the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"). The Act also automatically excluded the first thirty days during which the motion was under advisement, a period ending on February 5, 2020. See id. § 3161(h)(1)(H).

As the Court was in the process of deciding the motion, several key dates passed. A period of non-excluded time began to accrue on February 6, 2020. As Hernandez argues, the 67 days remaining on the Speedy Trial Act clock expired on April 13, 2020, and the Act's 70-day period was exceeded by sixty-nine days before the Court issued its 121-page Decision and Order denying Hernandez's motion to suppress.

As Hernandez points out, counsel for the Government could have asked the Court to exclude time under 18 U.S.C. Section 3161(h)(7). But the Court deems credible the representation by counsel for the Government that their failure to do so was inadvertent. As the above recitation of the facts demonstrates, counsel for the Government had, prior to February 6, been attentive to Hernandez's speedy trial rights. Their previously consistent and often proactive conduct in this regard counsels strongly against a finding that their attitude with respect to this case, or speedy trial rights more generally, is lackadaisical. Cf. United States v. Giambrone, 920 F.2d 176, 180-82 (2d Cir. 1990). Indeed,

counsel for the Government, upon identifying the violation, promptly notified the Court and defense counsel. See Bert, 814 F.3d at 84 (explaining that "any action" by the Government to notify the Court of expired speedy trial deadlines is "properly taken into consideration when evaluating the facts and circumstances of the case which led to the dismissal and may weigh in favor of dismissal without prejudice" (quotations and citations omitted)). The Court is not aware of a broader pattern of negligence on the part of the United States Attorney's Office in the Southern District of New York with respect to speedy trial rights. Cf. Giambrone, 920 F.2d at 182. The Court further observes that the temporary lack of vigilance with regard to the Speedy Trial Act clock in this case coincided with a period of drastic changes to the conduct of criminal proceedings in this District necessitated by the COVID-19 pandemic. While this context does not excuse inattentiveness, it contributes to the Court's understanding of the violation in this case as one of an isolated and unintentional nature.

Additionally, the length of the delay does not tip the "facts and circumstances" consideration strongly in favor of dismissal with prejudice. Here, the unexcluded period of delay represents time taken to resolve Hernandez's motion to suppress -- a motion that presented difficult legal and

factual questions at the outset and became increasingly complex as the parties took divergent positions on the applicable legal standards, six witnesses delivered testimony that was in tension on key issues, numerous exhibits were admitted into evidence, and the parties continued to raise new and colorable arguments even during the evidentiary hearing. Although the length of the delay is not de minimus, Courts have dismissed indictments without prejudice in cases with comparable and even longer periods of delay. See, e.g., United States v. McClendon, 944 F.3d 255, 265 (D.C. Cir. 2019) (collecting cases). While "there is no bright line test for when a delay is sufficiently long to require dismissal with prejudice," the delay here "falls short of being of such sheer length as to be a dominating consideration dictating that extreme outcome." United States v. Teman, No. 19 CR 696, 2019 WL 7041646, at *9 (S.D.N.Y. Dec. 20, 2019) (compiling cases). Ultimately, the Court concludes that the facts and circumstances consideration is, in this case, relatively neutral. See Bert, 814 F.3d at 80.

Third, any prejudice to Hernandez was minimal. Two types of prejudice are relevant: "(1) trial prejudice, i.e., prejudice in the defendant's ability to mount a defense at trial; and (2) non-trial prejudice." Id. at 82. "Non-trial prejudice is delay that 'may seriously interfere with a

defendant's liberty, whether he is free on bail or not,' and may also, inter alia, 'disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety.'" Teman, 2019 WL 7041646, at *10 (quoting Bert, 814 F.3d at 82).

Hernandez identifies no trial prejudice. Instead, he claims to have suffered prejudice because he has been an indicted but untried Defendant, subject to a curfew and ankle monitor, for almost seventeen months. But Hernandez consented to the exclusions of time between February 22, 2019 and September 6, 2019, and the automatically excluded delay between September 6, 2019 and January 7, 2019 enabled Hernandez to develop a factual record in support of his motion to suppress. In any event, the relevant delay for purposes of this analysis is the time that passed after the 70-day period expired on April 13, 2020. See, e.g., id. During this period of unexcluded time, the Court was resolving Hernandez's pretrial suppression motion -- a step necessary for this case to progress. It is likely that Hernandez would have consented to a continuance intended to facilitate reasoned resolution of the various issues raised in that motion. And, as the Government points out, on March 13, 2020 -- before Hernandez's Speedy Trial Act clock expired -- the COVID-19 pandemic required this District to suspend all jury trials. See In re:

*Coronavirus/COVID-19 Pandemic*, 20 Misc. 154 (Mar. 13, 2020).
Jury trials remained suspended when this Court again excluded
time under the Speedy Trial Act on June 22, 2020. *See In re:
Coronavirus/COVID-19 Pandemic*, 20 Misc. 197 (CM) (Apr. 20,
2020) (suspending jury trials until further notice). Thus,
even if the Court had decided Hernandez's motion before the
automatically excluded 30-day period for decision concluded
on February 5, no trial could conceivably have been held by
now. These facts strongly suggest that Hernandez has not
suffered prejudice. That Hernandez apparently did not notice
the violation until the Government flagged it further
suggests the absence of any meaningful prejudice. See Bert,
814 F.3d at 82 ("[A] district court is entitled to construe
a defendant's delay in articulating his cognizance of the
violation as evidence that he did not suffer actual
prejudice."). In light of these facts, the Court finds that
Hernandez suffered, at most, minimal non-trial prejudice.

Finally, the Court is persuaded that dismissal without
prejudice better serves the administration of the Act and of
justice than dismissal with prejudice. Speedy Trial Act
violations always adversely affect the administration of the
Act and justice, including the public's interest in prompt
adjudication. See id. at 83. "[D]ismissal with prejudice is
not a toothless sanction," though "dismissal with prejudice

has more bite." Id. at 82. Still, neither is "given priority."
Taylor, 487 U.S. at 335. When deciding between the two,
"courts may again consider bad faith, lax attitude, or a
pattern of neglect from the government." Teman, 2019 WL
7041646, at *11. "[W]here the crime charged is serious, the
sanction of dismissal with prejudice should ordinarily be
imposed only for serious delay." Bert, 814 F.3d at 79
(quotations and citations omitted). The "facts and
circumstances" and "prejudice" factors "together . . .
determine the seriousness of the delay." Id. at 79-80. When
deciding on the appropriate remedy, the Court must also
"consider any potential administrative changes that might be
warranted in light of that violation." Bert, 814 F.3d at 83.

As discussed above, the Court has found that the
violation is the result of isolated, unintentional
inattention to the Defendant's speedy trial rights, and
counsel for the Government promptly notified the Court and
defense counsel of the issue. Additionally, minimal prejudice
to the Defendant resulted. Having considered the facts and
circumstances of the case and the resulting degree of
prejudice to the Defendant, the Court is not persuaded that
the delay is serious enough, when weighed against the
seriousness of the crime, to warrant the sanction of dismissal
with prejudice. From an administrative perspective, the Court

can prevent violations of this nature by, upon taking a criminal pre-trail motion under advisement, scheduling a status conference in the matter to be held on or before expiration of the automatically excluded 30-day period for decision.

Finally, in the last paragraph of his motion, Hernandez contends that his Sixth Amendment right to a speedy trial has been violated because, at the time he filed his motion, he had been an indicted but untried defendant for approximately seventeen months. Determining whether a defendant's Sixth Amendment right to a speedy trial has been violated, requires the Court to consider the totality of circumstances and balance considerations including the "length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." United States v. Moreno, 789 F.3d 72, 78 (2d Cir. 2015) (quoting Barker v. Wingo, 407 U.S. 514, 532 (1972)). Only when the defendant shows that delay "between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay" must the Court consider the remaining factors. United States v. Ghailani, 733 F.3d 29, 43 (2d Cir. 2013) (quoting Doggett v. United States, 505 U.S. 647, 651-52 (1992)).

Even assuming Hernandez demonstrated delay of a length sufficient to trigger examination of the remaining Barker

considerations, the Court cannot conclude that he has demonstrated a Sixth Amendment violation. Less time has passed since the indictment than in many other cases where courts have found no Sixth Amendment violation. United States v. McGrath, 622 F.2d 36, 41 (2d Cir. 1980) (explaining that the 24-month delay was "considerably shorter than that of other cases in which no Sixth Amendment violation has been found"). In terms of the reasons for the delay, Hernandez consented to various exclusions of time and extensions of schedules, and the delay between April 5, 2019 and June 16, 2020 is largely attributable to the preparation, litigation, and resolution of Hernandez's suppression motion. "The Sixth Amendment is rarely violated . . . by delay that serves a legitimate government purpose," including, for example, litigation over pretrial motions. Moreno, 789 F.3d at 79 (citing Doggett, 505 U.S. at 656). The Defendant raised his Sixth Amendment rights only after being notified by the Government of a potential issue, and, for substantially the same reasons discussed above with regard to Hernandez's statutory rights, the Court cannot conclude that Hernandez suffered meaningful prejudice. He identifies no trial prejudice, and, although he mentions that he has been subject to a curfew and ankle monitor, he articulates no specific harm resulting from these limited constraints on his liberty.

Having considered the totality of circumstances surrounding the delay, Court concludes that Hernandez's Sixth Amendment right to a speedy trial has not been violated.

Accordingly, it is hereby

**ORDERED** that the indictment is hereby dismissed without prejudice.

**SO ORDERED.**

Dated:   New York, New York
         5 August 2020

_____
          Victor Marrero
             U.S.D.J.